*487 OPINION.
Love:
A bonus to employees of a corporation properly determined and set aside and accrued as additional compensation for services rendered during the year for which so determined and set aside, is an allowable deduction under section 214 (a) of the Revenue Act of 1918. Appeal of W. H. Harris Grocery Co., 3 B. T. A. 216; Appeal of Josiah Wedgwood & Sons, Ltd., 3 B. T. A. 355.
The petitioner’s board of directors during the taxable year determined (though informally) to pay its employees a bonus of $25,000, which amount was determined and accrued on its books before the final closing of the books for the taxable year. The actual cash to go into this fund was not, however, segregated from the assets of the company and deposited to the credit of this fund until six months after the close of its fiscal year. There was no “ yard stick ” prescribed or provided by which to measure or determine how much of that bonus any given employee would receive. Only the aggregate amount for all the employees was known. Not until after six months, after the close of the year, was there any money stamped or “ earmarked ” as the bonus fund. However, each of the employees had an undivided interest in that bonus fund. The liability was of the same debtor. The fund was dedicated, set aside and accrued, in solido, for all the employees. The fact that no segregation of the total amount of the bonus was made to each of the individual employees upon the books within the taxable year, is not, in the opinion of the Board, controlling. See Appeal of American Express Co., 2 B. T. A. 498. Appeal of Josiah Wedgwood & Sons, Ltd., 3 B. T. A. 355.
The bonus was determined upon by the corporation and the full amount of same was accrued upon the books, and became a fixed, definite and accrued liability during the taxable year, and on and after the close of the taxable year was regarded and treated by the corporation as a fixed, and accrued liability.
Under the facts of this case the full $25,000 was a deductible expense for the year 1920.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Rule 50.